U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 06-02291

ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/17/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 11/20/2006

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | Case No. 06-02291-dd |
| Paul A. Siegel and Diane ) | |
| A. Siegel ) | ORDER ON TRUSTEE'S OBJECTION |
| Debtors. ) | TO CONFIRMATION |
| ) | |

THIS MATTER is before the Court for confirmation of the amended chapter 13 plan filed by the Debtors on July 17, 2006. The chapter 13 trustee objects, asserting that the plan is not feasible and that confirmation should be denied pursuant to 11 U.S.C. § 1325(a)(6).[1] No other party has filed an objection and the trustee's objection is limited to the issue of feasibility.

<u>Findings of Fact</u>[2]

1. Paul A. Siegel and Diane A. Siegel ("Debtors") are husband and wife. Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on June 2, 2006. Joy S. Goodwin, a standing chapter 13 trustee, was appointed to serve in this case.

2. Debtors' annualized current monthly income is $33,681.24. The South Carolina median income for a 2 member household is $44,730.00. Debtors' income falls below the median.

3. Debtors receive Social Security Income of $1697.60 each month.[3] The household

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, will be by section number only.

[2] This order contains the findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052 (adopting Fed. R. Civ. P. 52 in adversary proceedings), and made applicable to contested matters by Fed. R. Bankr. P. 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

[3] This amount is not reflected in the current monthly income figure set forth in paragraph 2 by virtue of the definition set forth in § 101(10A)(B).

income also includes Veterans Administration income of $2,528.00, Air Force Retirement income of $143.60, and rental income from property owned by Debtors in the amount of $350.00 each month. The Debtors report anticipating a reduction in income by virtue of Social Security Disability income replacing the Veterans Administration benefits in the future.

4. Debtors report current monthly expenses of $3,414.78, including a mortgage payment on the rental property of $350.00.

5. The monthly income reported on Form B22C totals $2,806.77, including $1/6^{th}$ of a federal tax refund received during the 6 month period preceding the petition.

6. Debtors propose plan payments of $420.00 for 36 months.

7. The trustee objects to the plan stating that net income of $3,021.60 less expenses and plan payment yields a deficit of $813.18 per month. The Debtors propose use of a portion of the monthly Social Security benefit and the trustee contends that they are not permitted to do this unless all of the benefit is dedicated to the plan

### Issue Presented

May Debtors utilize a portion of their Social Security benefits, otherwise not includable in "current monthly income", to satisfy the requirement of § 1325(a)(6) that the debtor demonstrate the ability to make all payments proposed under the plan without committing all of the benefits to the plan?

### Conclusions of Law

Current monthly income of the debtors excludes benefits received under the Social Security Act. § 101(10A)(B). Confirmation of a chapter 13 plan is conditioned on, among other things, a finding that "the debtor will be able to make all payments under the plan and. . . . comply with the plan. . . ." § 1325(a)(6). The trustee contends that Social Security benefits

are excluded from current monthly income, that the debtor does not have sufficient disposable income, and that the plan is not feasible. In this district the Court considers income and expenses from both Form B22C and from Schedules I and J for confirmation purposes. *In re Edmunds*, __ B.R. __, 2006 WL 2709588 (Bankr. D. S.C., September 18, 2006).

In light of the exclusion of Social Security benefits from the current monthly income calculation, the Court cannot compel the Debtors to fund a plan using this income. This does not preclude the Debtors' option of "voluntarily devoting a portion of that income to a chapter 13 plan. . . ." *In re Schanuth*, 342 B.R. 601, 605 (Bankr. W.D. Mo. 2006); *See also In re Rotunda,* 349 B.R. 324(Bankr. N.D. N.Y. 2006)(sanctioning the use of a portion of Social Security benefits to comply with the "best interests of creditors test."). The Court may consider the voluntarily devoted Social Security benefit as income in the disposable income and feasibility analyses. This is consistent with the Bankruptcy Code permitting a chapter 13 plan with a provision for payment of claims "from property of the estate or property of the debtor. . . ." § 1322(b)(8).

The trustee and debtor narrowly argued confirmation on feasibility grounds. The Court may also independently review plans for confirmation. Debtors are retaining an investment property and report income and an expense for mortgage payments in equal amounts. Debtors must also have other expenses relating to the investment property; upkeep, taxes and insurance for example. In light of Debtors' intention to retain an investment property with a potentially negative impact on the income available to creditors, the retention of three vehicles and in light of the proposed one percent dividend to unsecured creditors, the Court is not prepared to confirm the plan at this time but returns the case to the December 18,

2006 calendar at 9:30 a.m. for further argument and consideration. The trustee's objection to confirmation on the ground that the plan is not feasible is denied.